FILED
6/23/2017 1:15 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

citcml sac1

CAUSE NO. **2017CI11586**

| | | |
|---|---|---|
| S & B 11915 Warfield LLC, | § | **IN THE DISTRICT COURT** |
|     **Plaintiff,** | § | |
| | § | |
| **V.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **Continental Casualty Company** | § | |
|     **Defendant.** | § | **408** **DISTRICT COURT** |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW S & B 11915 Warfield LLC, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Continental Casualty Company ("Continental Casualty Company" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.      Plaintiff, S & B 11915 Warfield LLC, resides in San Antonio, Texas.

3.      Defendant, Continental Casualty Company, is a foreign insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon Continental Casualty Company through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Plaintiff requests service at this time.

### JURISDICTION

4.      The Court has jurisdiction over Continental Casualty Company because Defendant engages

EXHIBIT C

in the business of insurance in the State of Texas, and the causes of action arise out of Continental Casualty Company's business activities in the State of Texas, including those in, Texas, with reference to this specific case.

## VENUE

5.   Venue is proper in Bexar County, Texas because the insured property is located in Bexar County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.   Plaintiff owns a Continental Casualty Company commercial insurance policy, number CNP 4017678254 ("the Policy").   At all relevant times, Plaintiff owned the insured premises located at 11915 Warfield Street, San Antonio, Texas 78216 ("the Property").

8.   Continental Casualty Company or its agent sold the Policy, insuring the Property, to Plaintiff.  Continental Casualty Company represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's Property.  Continental Casualty Company has refused the full extent of that coverage currently owed to Plaintiff.

9.   On or about 04/12/2016, the Property sustained extensive damage resulting from a severe storm that passed through the San Antonio, Texas area.

10.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Continental Casualty Company against the Policy for damage to the Property.  Continental Casualty Company assigned claim number 2RA00169 to Plaintiff's claim.

11.   Plaintiff asked Continental Casualty Company to cover the cost of damage to the Property

EXHIBIT C

pursuant to the Policy.

12.   Continental Casualty Company assigned or hired its agent to adjust the claim.

13.   Continental Casualty Company, through its agent, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

14.   Continental Casualty Company hired or assigned its agents, namely Eberl Claim Service, to inspect and adjust the claim.   Eberl Claim Service conducted an inspection on or about May 16, 2016, according to the information contained in the estimate.   Eberl Claim Service's findings generated an estimate of damages totaling $11,249.55. After application of depreciation and deductible of $1,479.23 Plaintiff was left with $9,770.32 to make repairs on the entirety of their claim.

15.   Continental Casualty Company has ultimately refused full coverage, which includes, but is not limited to, replacement of the roof on all buildings and additional exterior damage. The third party inspector hired to review the damage to the Property found $155,077.77 in damages, including the need to remove and replace the roofs on all buildings, shed, and carport.   In addition, the third party inspector found damage to the HVAC and gutters, all of which were completely absent from Continental Casualty Company's estimate.

16.   The damage to Plaintiff's Property is currently estimated at $155,077.77.

17.   Since due demand was made on or about 04/12/2017, Continental Casualty Company has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

18.   As stated above, Continental Casualty Company failed to assess the claim thoroughly.

EXHIBIT C

Based upon Continental Casualty Company's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Continental Casualty Company failed to provide full coverage due under the Policy.

19.   As a result of Continental Casualty Company's failure to provide full coverage, along with Continental Casualty Company's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

20.   Continental Casualty Company failed to perform its contractual duties to Plaintiff under the terms of the Policy.  Specifically, Continental Casualty Company refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

21.   Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Continental Casualty Company and Plaintiff.

22.   Continental Casualty Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Continental Casualty Company has not attempted to settle Plaintiff's claim in a fair manner, even though Continental Casualty Company was aware of their liability to Plaintiff under the Policy.  Specifically, Continental Casualty Company has failed to timely pay Plaintiff's coverage due under the Policy.

23.   Continental Casualty Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Continental

4

EXHIBIT C

Casualty Company failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

24.     Continental Casualty Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(4).   Continental Casualty Company refused to provide full coverage due to Plaintiff under the terms of the Policy.   Specifically, Continental Casualty Company, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

25.     Continental Casualty Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.055.   Continental Casualty Company failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

26.     Continental Casualty Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.056.   Continental Casualty Company failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.   Specifically, Continental Casualty Company has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for its claim.

27.     Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing it with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## Continental Casualty Company

## BREACH OF CONTRACT

5

EXHIBIT C

28.   Continental Casualty Company is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Continental Casualty Company and Plaintiff.

29.   Continental Casualty Company's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30.   Continental Casualty Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are actionable by TEX. INS. CODE §541.151.

31.   Continental Casualty Company's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

32.   Continental Casualty Company's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

33.   Continental Casualty Company's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or

EXHIBIT C

applicable law, for underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34.    Continental Casualty Company's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35.    Continental Casualty Company's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36.    Continental Casualty Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

37.    Continental Casualty Company's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

38.    Continental Casualty Company's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

EXHIBIT C

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

39.     Continental Casualty Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

40.     Continental Casualty Company's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Continental Casualty Company knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**DTPA VIOLATIONS**

41.     Continental Casualty Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Continental Casualty Company pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Farmers.  Specifically, Continental Casualty Company's violations of the DTPA include, without limitation, the following matters:

A.     By its acts, omissions, failures, and conduct, Continental Casualty Company has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Continental Casualty Company's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.     Continental Casualty Company represented to Plaintiff that the Policy and Continental Casualty Company's adjusting and investigative services had

8

EXHIBIT C

characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Continental Casualty Company also represented to Plaintiff that the Policy and Continental Casualty Company's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, Continental Casualty Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Continental Casualty Company breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Continental Casualty Company's actions are unconscionable in that Continental Casualty Company took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Continental Casualty Company's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.  Continental Casualty Company's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

42.  Each of the above-described acts, omissions, and failures of Continental Casualty Company is a producing cause of Plaintiff's damages.  All of the above-described acts,

EXHIBIT C

omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

43.   Continental Casualty Company is liable to Plaintiff for common law fraud.

44.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as it did, and Continental Casualty Company knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

45.   Continental Casualty Company made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## KNOWLEDGE

46.   Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

47.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

48.   Since the claim was made, Continental Casualty Company has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of

10

EXHIBIT C

Continental Casualty Company's mishandling of Plaintiff's claim in violation of the laws set forth above.

49.    Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

50.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

51.    For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, consequential damages, together with attorney's fees.

52.    The damage to Plaintiff's Property is estimated at $155,077.77.

53.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times its actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

54.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, plus an eighteen percent (18%) per annum penalty on

11

EXHIBIT C

that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Continental Casualty Company owed, and exemplary damages.

56.     Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

57.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

58.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

EXHIBIT C

59.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states
      that the damages sought are in an amount within the jurisdictional limits of this Court.  As
      required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that
      Plaintiff seeks only monetary relief of no less than $100,000, but no more than $200,000,
      including damages of any kind, penalties, costs, expenses, pre-judgment interest, and
      attorney's fees.  A jury will ultimately determine the monetary relief actually awarded,
      however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal
      rate.

## REQUESTS FOR DISCLOSURE

60.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose,
      within fifty (50) days from the date this request is served, the information or material described
      in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a
      jury consisting of citizens residing in, Texas.  Plaintiff hereby tenders the appropriate jury
      fee.

## PRAYER

Plaintiff prays that Defendant, Continental Casualty Company, be cited and served to
appear, and that upon trial hereof, Plaintiff, S & B 11915 Warfield LLC, have and recover from
Defendant, Continental Casualty Company, such sums as would reasonably and justly compensate
Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble
damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all
punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the

13

EXHIBIT C

award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, S & B 11915 Warfield LLC, may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 East Medical Center Blvd.
Suite 555
Houston, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

EXHIBIT C