IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| S & B 11915 Warfield LLC, § | | |
|     Plaintiff, § | | |
| § | | |
| V. § | 5:17-CV-00705-FB | |
| § | | |
| Continental Casualty Company and § | | |
| National Fire Insurance Company of § | | |
| Hartford | | |
|     Defendants. | | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COME NOW, S & B 11915 Warfield LLC**, Plaintiff herein, and files **Plaintiff's Second Amended Complaint** complaining of Continental Casualty Company and National Fire Insurance Company of Hartford ("Defendants") and for cause of action, Plaintiff respectfully shows the following:

### A. PARTIES

1. Plaintiff, S & B 11915 Warfield LLC, is a Texas Limited Liability Company with a principle place of business in San Antonio, Texas.

2. Defendant, Continental Casualty Company, is a foreign insurance company engaged in the business of insurance in the State of Texas. Plaintiff sued and properly served Defendant in State Court, Defendant filed and answer, and removed the case here. Defendant is properly before this court.

3. Defendant, National Fire Insurance Company of Hartford, is a foreign insurance company engaged in the business of insurance in the State of Texas. Defendant may be served with

summons and complaint by serving its registered agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## B. STATUTORY AUTHORITY

4. This suit is being brought in part, under the Tex. Bus. & Comm. Code, Sec. 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this Petition as "DTPA". This suit is also brought in part, under the Texas Insurance Code, Chap. 541.151 *et seq.,* Chap. 541.051 *et seq.*, Chap. 542.051 *et se.,*. and Tex.Civ. & Rem. Code §38.01 *et seq.*

## C. JURISDICTION

5. The Court has jurisdiction over the cause of action pursuant to 28 U.S.C. § 1332 (a)(1) and (2).

6. The Court has jurisdiction over Defendants because Defendants engage in the business of insurance in the State of Texas, and the causes of action arise out of Defendants' business activities in the State of Texas, including those in reference to this specific case.

## D. VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because the parties are subject to personal jurisdiction in this District and the dispute giving rise to this litigation concerns property located in and around San Antonio, Bexar County, Texas, which is within the Western District of Texas and the San Antonio Division.

## E. NOTICE AND CONDITIONS PRECEDENT

8. Defendants have been provided Texas statutory notice of the claim made by the Plaintiff in this Complaint and said notice was provided to Defendants more than sixty days prior to this Complaint being filed.

9. All conditions precedent necessary to maintain a claim under the insurance policy in question have been performed, occurred, or have been waived by Defendants.

## F. FACTUAL BACKGROUND

10. Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11. Plaintiff owns a commercial insurance policy issued by Defendants with the policy number CNP 4017678254 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 11915 Warfield Street, San Antonio, Texas 78216 ("the Property").

12. Defendants or their agent sold the Policy, insuring the Property, to Plaintiff. Defendants represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's Property. Defendants have refused the full extent of that coverage currently owed to Plaintiff.

13. On or about 04/12/2016, the Property sustained extensive damage resulting from a severe storm that passed through the San Antonio, Texas area.

14. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Defendants against the Policy for damage to the Property. Defendants assigned claim number 2RA00169 to Plaintiff's claim.

15. Plaintiff asked Defendants to cover the cost of damage to the Property pursuant to the Policy.

16. Defendants assigned or hired its agent to adjust the claim.

17. Defendants, through their agent, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

18. Defendants hired or assigned agents, namely Eberl Claim Service, to inspect and adjust the claim. Eberl Claim Service conducted an inspection on or about May 16, 2016, according to the information contained in the estimate. Eberl Claim Service's findings generated an estimate of damages totaling $11,249.55. After application of depreciation and deductible of $1,479.23 Plaintiff was left with $9,770.32 to make repairs on the entirety of their claim.

19. Defendants have ultimately refused full coverage, which includes, but is not limited to, replacement of the roof on all buildings and additional exterior damage. The third-party inspector hired to review the damage to the Property found $155,077.77 in damages, including the need to remove and replace the roofs on all buildings, shed, and carport. In addition, the third-party inspector found damage to the HVAC and gutters, all of which were completely absent from Defendants' estimate.

20. The damage to Plaintiff's Property is currently estimated at $155,077.77.

21. Since due demand was made on or about 04/12/2017, Defendants have not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

22. As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Defendants failed to provide full coverage due under the Policy.

23. As a result of Defendants' failure to provide full coverage, along with Defendants' delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

24. Defendants failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Defendants refused to pay the full proceeds of the Policy, although due

demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

25. Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendants and Plaintiff.

26. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

27. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Defendants, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary

information.

30. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for its claim.

31. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing it with respect to these causes of action.

### G. CAUSES OF ACTION AGAINST DEFENDANTS

### COUNT I - BREACH OF CONTRACT

32. Defendants is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Defendants and Plaintiff.

33. Defendants' failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### COUNT II - NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

35. Defendants' unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendants' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendants' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendants' unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendants' unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## COUNT III - NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

40. Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

41. Defendants' failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42. Defendants' delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## COUNT IV - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44. Defendants' failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendants knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## COUNT V - DTPA VIOLATIONS

45. Defendants' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Farmers. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Defendants has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Defendants' violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the

      doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Defendants represented to Plaintiff that the Policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Defendants also represented to Plaintiff that the Policy and Defendants' adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Defendants advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Defendants breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Defendants' actions are unconscionable in that Defendants took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

46. Each of the above-described acts, omissions, and failures of Defendants is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## COUNT VI - FRAUD

47. Defendants is liable to Plaintiff for common law fraud.

48. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as it did, and Defendants knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

49. Defendants made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## H. KNOWLEDGE AND INTENT

50. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## I. WAIVER AND ESTOPPEL

51. Defendants waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## J. DAMAGES

52. Since the claim was made, Defendants has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

53. Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

54. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

55. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, consequential damages, together with attorney's fees.

56. The damage to Plaintiff's Property is estimated at $155,077.77.

57. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times its actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Defendants owed, and exemplary damages.

60. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for its wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

61. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

62. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the

reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K. JURY DEMAND

63. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in, Texas.

## L. PRAYER

Plaintiff prays that upon trial hereof, Plaintiff, S & B 11915 Warfield LLC, have and recover from Defendants, Continental Casualty Company and National Fire Insurance Company of Hartford, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages plus statutory 18% interest, as well as consequential and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found at common law or by statutory authority. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, S & B 11915 Warfield LLC, may show itself justly entitled.

                                        Respectfully submitted,

                                        CHAD T. WILSON LAW FIRM PLLC

                                        By: /s/ *Patrick C. McGinnis*

                                        Chad T. Wilson
                                        Bar No. 24079587
                                        Patrick C. McGinnis
                                        Bar No. 13631900
                                        455 East Medical Center Blvd.
                                        Suite 555
                                        Houston, Texas 77598
                                        Telephone: (832) 415-1432
                                        Facsimile: (281) 940-2137
                                        eService to:
                                        eservice@cwilsonlaw.com
                                        cwilson@cwilsonlaw.com
                                        pmcginnis@cwilsonlaw.com

                                        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a copy of the foregoing has been furnished by facsimile and electronic filing this  18th   day of September, 2017, to:

Anthony S. Cox, Esq.
CNA COVERAGE LITIGATION GROUP
700 N. Pearl Street, Suite 450
Dallas, Texas 75201
(214) 220-5902 – Fax
     ***Attorney for Defendants, Continental***
     ***Casualty Company***

                                        */s/Patrick C. McGinnis*
                                        Patrick C. McGinnis